UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHELDON DASHAWN JOHN,

                          Plaintiff,

           v.

TD 30 SUBWAY NYPD COPS,

                          Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
20-CV-2540 (LDH)(SJB)

LaSHANN DeARCY HALL, United States District Judge:

      Petitioner Sheldon Dashawn John, currently incarcerated at Mid-State Correctional Center, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (ECF No. 1.) The petition requests that the Court reopen two civil rights actions Petitioner previously filed in connection with events that allegedly occurred in April 2017 at Woodhull Hospital while Petitioner was in police custody.  (*Id.*)

      Petitioner's first civil rights action was dismissed on May 28, 2019, for failure to prosecute.  (*See John v. Comptroller*, No. 18-CV-5826 (LDH)(SJB), ECF No. 8.)  By letter motion dated February 3, 2020, Petitioner sought leave to reopen the action, which the Court granted by Memorandum and Order dated May 21, 2020.[1]  (*Id.*, ECF Nos. 12, 13.)  That action is presently pending.  Petitioner's second civil rights complaint was dismissed by Memorandum and Order dated March 11, 2019, as duplicative of the complaint filed in 18-CV-5826.  (*See John v. TD 30 Cops*, No. 18-CV-5950 (LDH)(SJB), ECF No. 4.)

      Petitioner brings the instant action under 28 U.S.C. § 2254.  Section § 2254 permits a federal court  to "entertain an application for a writ of habeas corpus" on behalf of an individual

---

[1] As his habeas petition was received by the pro se office on June 5, 2020, it is possible that Petitioner had not received the order granting his request to reopen 18-CV-5826 before filing the instant petition.

in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Petitioner does not challenge his custody pursuant to a judgment of a State court, as required under 28 U.S.C. § 2254(a). Accordingly, the petition is DISMISSED.

A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Petitioner shall file any documents or motions related to the events that allegedly occurred in April 2017 at Woodhull Hospital in *John v. Comptroller*, No. 18-CV-5826.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      July 8, 2020  LASHANN DEARCY HALL
                                       United States District Judge